# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL WEATHER PRODUCTIONS LLC,

          Plaintiff,

    v.

REUTERS NEWS & MEDIA, INC.,
THOMSON REUTERS US LLC,

          Defendants.

Case No: 1:24-cv-07828-AS
[rel. 24-cv-507 (AS)]

**PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES
PURSUANT TO RULE 26(a)(1)**

Global Weather Productions LLC (referred to herein as "Plaintiff"), based on present information and belief, makes the following supplemental initial disclosures to Reuters News & Media, Inc. and Thomson Reuters US LLC (referred to herein as "Defendants") pursuant to Federal Rule of Civil Procedure 26(a)(1).

**RESERVATION OF RIGHTS**

This Supplemental Initial Disclosure Statement is based on information known and reasonably available to Plaintiff at this time. Plaintiff provides this Initial Disclosure Statement without prejudice to Plaintiff's future reliance on—or disclosure, identification, or production of—additional or different persons, information, or documents, including any persons, information, or documents inadvertently omitted from this Initial Disclosure Statement or that are subsequently discovered or determined to be relevant. Accordingly, Plaintiff reserves all rights to supplement, amend, correct, or clarify this Supplemental Initial Disclosure Statement through testimony, correspondence, document production, pleadings, court filings, inter-counsel communications, or otherwise.

By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff does not waive any rights to object to the disclosure of any

1

additional or other information on any basis, including relevance, burden, attorney-client privilege, the work-product doctrine, and any other available protection against disclosure. By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff expressly reserves and does not waive any such objections. By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff also does not waive any applicable objections to admissibility, including, without limitation, objections based on authenticity, competence, relevance, or materiality, as well as any and all other objections that would require the exclusion of any information contained or referenced herein, or any portion thereof, if offered into evidence.

By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff expressly reserves and does not waive any such objections or the right to interpose such objections at the time of any deposition or at or before any hearing or trial in this action or any other action or proceeding. No incidental or implied admissions are intended by this Supplemental Initial Disclosure Statement. The fact that Plaintiff describes or identifies a document or category of documents in this Supplemental Initial Disclosure Statement is not intended and should not be construed as a waiver by Plaintiff of any right or defense or the right to object to any discovery request propounded by Defendants.

Plaintiff expressly does not authorize Defendants, or any other party, to communicate with current or former employees of, advisors to, or consultants of Plaintiff, and nothing herein should be construed to authorize Defendants, or any other party, to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement.

These disclosures are based on information reasonably available to Plaintiff as of the date these disclosures are served. By making these disclosures, Plaintiff does not represent that Plaintiff is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Plaintiff

reserves the right to supplement these disclosures as necessary and as permitted by Federal Rule of Civil Procedure 26(e).

## INITIAL DISCLOSURES

A.  **Rule 26(a)(1)(A)(i):**  The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Subject to and without waiving the foregoing Reservation of Rights, based on information currently known to Plaintiff:

| Name | Company Affiliation/Address | Expected Areas of Knowledge |
|---|---|---|
| Corporate Representative(s) of Global Weather Productions LLC | (*contact only through counsel*) | <ul><li>Knowledge regarding the creation of the copyrighted Video at issue (hereinafter "Video").</li><li>Knowledge regarding any licensing of the copyrighted Video at issue.</li><li>Knowledge regarding the copyright registration of the work at issue.</li></ul> |
| Corporate Representative(s) of Reuters News & Media, Inc. and Thomson Reuters US LLC | | <ul><li>Knowledge regarding Defendants' standards, practices, policies, guidelines, and budgeting for licensing of copyrighted materials.</li><li>Knowledge regarding the distribution of Plaintiff's Video.</li><li>Knowledge regarding from where the Video was obtained.</li><li>Knowledge regarding the revenue earned from the distribution of the Video.</li><li>Knowledge concerning Defendants' guidelines and procedures in obtaining content on social media</li><li>Knowledge regarding communications with Michael Brandon Clement regarding the use of the Video</li><li>Knowledge regarding communications with ViralBear regarding the use of the Video</li><li>Knowledge regarding communications</li></ul> |

|  |  | |
|---|---|---|
|  |  | <ul><li>with Pelmorex regarding the use of the Video</li><li>Knowledge regarding communications with X user @Maeestro regarding the use of the Video</li><li>Knowledge regarding any content licensing agreements with ViralBear</li><li>Knowledge regarding any licensing agreements with Pelmorex</li></ul> |
| Corporate Representative(s) of ViralBear |  | <ul><li>Knowledge regarding communications with X user @Maeestro regarding the use of the Video</li><li>Knowledge regarding communications with Defendants regarding the use of the Video</li><li>Knowledge regarding from where the Video was obtained.</li><li>Knowledge regarding how the Video was uploaded to reutersconnect.com.</li><li>Knowledge regarding any content licensing agreements with Defendants</li></ul> |
| Corporate Representative(s) of Pelmorex |  | <ul><li>Knowledge regarding communications with Defendants regarding the use of the Video</li><li>Knowledge regarding from where the Video was obtained.</li><li>Knowledge regarding any licensing agreements with Defendants</li></ul> |

Plaintiff reserves the right to supplement these individuals with those subpoenaed or listed on Defendants' Initial Disclosures, Defendants' Supplemental Disclosures, all individuals who have given or will give testimony in this case, any expert witnesses subsequently identified by Plaintiff during expert discovery in this litigation, all experts or third-parties relied upon by Defendants, and all persons or all persons or entities referred in documents produced.

    **B.**    **Rule 26(a)(1)(A)(ii):**  A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Plaintiff identifies the following categories of documents and things in its possession, custody or control that may be used to support its claims:

- The Video at issue
- The United States Copyright Registration of the Video

4

- A Screengrab of the unauthorized usage of the Video by Defendants' client
- Communications between Michael Brandon Clement and Defendants regarding the distribution and use of the Video
- Communications between X user @Maeestro and Defendants regarding the use of the Video
- A Screengrab of the unauthorized usage of the Video by Pelmorex
- A Screengrab of the unauthorized usage of the Video by ViralBear

C. **Rule 26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

Plaintiff refers Defendants to the Complaint for an itemization of the types of damages suffered. As Plaintiff has not yet obtained discovery of Defendants' financial, sales and other relevant records, Plaintiff cannot make a reasonable estimate of the damages sustained or infringing profits it may recover as a result of Defendants' actions. Plaintiff reserves its right as to if it will seek actual or statutory damages.

**SUPPLEMENTAL DISCLOSURE:**
As alleged in the First Count of the Complaint, Plaintiff seeks an award of actual damages and disgorgement of all of Defendants' profits attributable to the direct infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven, or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each Infringement pursuant to 17 U.S.C. § 504(c). Plaintiff further seeks to recover costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505.

However, as Defendants have not produced all documents responsive to Plaintiff's discovery demands, such as Defendants' subscription agreement with non-party Pelmorex (which Defendants represent is the only entity who downloaded the Video at issue in this case from Reuters Connect, and no other person received the Video at issue in this case from Defendants), Plaintiff is unable to specify the amount of actual damages and disgorgement of profits claimed at this time. Without further information, Plaintiff can only estimate the value of such damages based on Defendants' representations regarding their distribution of the Video, as follows:

> Willful statutory damages pursuant to 17 U.S.C. § 504(c): $150,000.00
>
> Actual damages: $3,500.00, based on loss of Plaintiff's actual licensing[1] for the Video to Pelmorex plus the disgorgement of all revenue earned by Defendants in an amount to be determined.

---

[1] "If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, it seems entirely reasonable to conclude that the owner has suffered damages to the extent of the infringer's taking without paying what the

      Reasonable attorney's fees and costs: to be determined

Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein as discovery is completed

**D.**     **Rule 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  Not applicable.

Dated: April 18, 2025

                                                      **SANDERS LAW GROUP**

                                                      By:   */s/ Renee J. Aragona*
                                                      Renee J. Aragona, Esq.
                                                      333 Earle Ovington Blvd, Suite 402
                                                      Uniondale, NY 11553
                                                      Tel: (516) 203-7600
                                                      Email: raragona@sanderslaw.group
                                                      *Attorneys for Plaintiff*
                                                      File No.: 130847

---

owner was legally entitled to exact a fee for. We can see no reason why, as an abstract matter, the statutory term "actual damages" should not cover the owner's failure to obtain the market value of the fee the owner was entitled to charge for such use." *On Davis v. The Gap, Inc*., 246 F.3d 152, 165 (2d Cir. 2001); *Agence France Presse v Morel*, 2014 WL 3963124, at *13 (S.D.N.Y. 2014) (finding that there was enough evidence for the jury to conclude that the copyright owner would have made 1,000 sales, roughly the number of customers who obtained the images from the infringing defendants) (citing *Stevens Linen Assocs., Inc. v. Mastercraft Corp.,* 656 F.2d 11, 15 (2d Cir. 1981)) (endorsing damages theory that would calculate damages by assuming defendants' customers would have bought from plaintiff but for defendant's infringement); and *RSO Records, Inc. v. Peri,* 596 F.Supp. 849, 860 (S.D.N.Y. 1984) ("It would be reasonable to assume that for every counterfeit copy of plaintiffs' copyrighted records and tapes sold by defendants plaintiffs lost a corresponding sale.").

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2025, I caused to be served via electronic mail a copy of Plaintiff's Supplemental Rule 26 Initial Disclosures on:

Davis Wright Tremaine LLP
Jeremy Chase, Esq.
Raphael Holoszyc-Pimentel, Esq.
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
JeremyChase@dwt.com
rhp@dwt.com

                                                      */s/ Renee J. Aragona*
                                                      Renee J. Aragona