

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

May 19, 2025

*<u>Via ECF</u>*
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re:    *Global Weather Productions, LLC v.*
            *Reuters News & Media, Inc., Thomson Reuters US LLC*
            Docket No.: 24-cv-7828 (AS) [rel. 24-cv-00507 (AS)]

Dear Judge Subramanian:

    We are the attorneys for Plaintiff Global Weather Productions, LLC ("Plaintiff") in this matter. We respectfully submit this letter response in opposition to Reuters News & Media, Inc. and Thomson Reuters US LLC ("Defendants") letter motion requesting leave to renew their motion for Plaintiff to post a bond [ECF No. 47]. Plaintiff further submits this letter in response to the Court's Order directing Plaintiff to Show Cause why a bond of $20,000 and/or why sanctions should not be imposed based on Defendants' assertion that Plaintiff failed to follow this Court's order [ECF No. 48]. Respectfully, neither sanctions nor a bond is warranted for the reasons set forth below.

    **1. Sanctions are not warranted**.

    In their initial bond motion filed on March 5, 2025 [ECF No. 39 at 10–11], Defendants alleged that Plaintiff's counsel has a history of noncompliance with Court Orders. Yet, as discussed in Plaintiff's opposition to that motion [ECF No. 43 at 14-16] incorporated by reference and summarized herein, Defendants cite to a handful of cases over the past nine years which they then completely misinterpret or omit the facts and circumstances of those cases. Thereafter, the cases cited in Defendants' reply memorandum of law [ECF No. 44 at 7–9] where Courts found the imposition of a bond to be appropriate all relate to a different law firm, the Liebowitz Law Firm. Liebowitz, the principal attorney, was "one of the most frequently sanctioned lawyers in this District in recent years for violations of court orders as well as dishonesty under oath." *Kalfus v. God's World Publications, Inc.*, No. 20 Civ. 4601 (KPF), 2020 WL 6690660, at *4 (S.D.N.Y. Nov. 13, 2020). The Court found that the history of Liebowitz's conduct had a "detrimental impact… on the efficient resolution of litigation in which he is involved." *Id*. There is no such vexatious or pattern of conduct by Plaintiff or its counsel herein.

    First, Plaintiff has explained in its May 15, 2025 letter motion [ECF No. 49] that Defendants' allegation that Plaintiff violated the Court's Order [ECF No. 45] is misleading. Plaintiff made a good faith demand to Defendants on April 21, 2025, and on April 23, 2025,



Defendants responded that they were willing to meet Plaintiff's demand as to the monetary amount. What remained were the parties continuing discussions regarding two key provisions of the settlement agreement. The following week, in the afternoon of April 30, 2025, Defendants' counsel followed up for Plaintiff's response regarding the terms of the agreement. If Plaintiff had no response, counsel requested to speak between 4pm and 6pm later that day, advising that counsel would be travelling the remainder of the week (and implicitly suggesting counsel would be unavailable to discuss settlement in-person or otherwise). Likewise, on May 5, 2025, after following up on revised proposed terms, Defendants counsel suggested meeting via Zoom, rather than in person. Plaintiff responded further as to the settlement provisions on May 6, 2025. There was simply no repeated effort by Defendants to meet in person per the Court's order as implied in Defendants' letter, rather on both May 5th, and May 8th, Defendants indicated, in their opinion, that the parties are "close", as related to the final terms.

Based on these ongoing discussions, Plaintiff was blindsided by the filing of Defendants' renewed request to seek a bond and the incomplete and disingenuous claims regarding the status of the parties' settlement discussions and Plaintiff's alleged noncompliance. It appears that Defendants, through their incomplete presentation, are seeking to have the Court put its finger on the scale in an effort to coerce an outcome rather than reach an amicable settlement; this despite their repeated representations that they would like to resolve this matter and avoid incurring unnecessary legal fees. Nonetheless, pursuant to Plaintiff's request for leave for the parties to conduct their meeting via videoconferencing (which is pending before your Honor), the parties scheduled and participated in the meeting this morning in good faith, at 10:00 am. Should the Court find the virtual meeting insufficient, we respectfully request, pursuant to our May 15, 2025 letter [ECF No. 49] for an extension of time to meet in-person for the reasons set forth therein.

**2. Defendants' Arguments Regarding Plaintiff's Recovery of Damages is Speculative**.

Defendants argue that the maximum that Plaintiff may recover is $3,500 in monetary relief based on the actual damages amount listed on Plaintiff's Rule 26 Disclosures, and therefore that Plaintiff will not recover more than the Offer of Judgment amount. Defendants ask the Court to accept their speculative determination on the damages amount while discovery is still within the early stages (Plaintiff recently received Defendants' document production on May 8, 2025, and reserves the right to further supplement its initial disclosures). Further, Defendants' offer consisted of some multiple of Plaintiff's lower valued invoices for videos of an unrelated snow storm years earlier.

Moreover, as Your Honor pointed out during the hearing on the related matter on April 21, 2025, the question of willfulness and innocence is a question of fact for the jury. Likewise, the Supreme Court has found that damages the right to a jury trial includes the right to have a jury determine the amount of statutory damages. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 118 S.Ct. 1279 (1998).

For the foregoing reasons, and those set forth in Plaintiff's opposition [ECF No. 43], Plaintiff respectfully requests that the Court find that neither sanctions nor a bond are warranted in this matter. Plaintiff and its counsel have complied with the Court's Orders to supply



Defendants with a demand, and to supplement its initial disclosures, along with Plaintiff's good faith belief it was in compliance with the Court's order on settlement.

          Respectfully submitted,

          /s *Renee J. Aragona*
          Renee J. Aragona