

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Jeremy A. Chase**
(212) 603-6495 tel
(212) 489-8340 fax

jeremychase@dwt.com

May 21, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Global Weather Productions, LLC v. Reuters News & Media Inc.*, No. 24-cv-7828 (AS)

Dear Judge Subramanian:

  We represent Defendants Reuters News & Media Inc. and Thomson Reuters U.S. LLC in the above-referenced action.  Defendants write to briefly respond to certain material omissions and misstatements in Plaintiff's letter (Dkt. 51) responding to the Court's May 15 order to show cause why a bond should not be imposed and/or why Plaintiff should not be sanctioned for failure to follow this Court's orders (Dkt. 48).  We respond to each in turn.

  *First*, Plaintiff attempts to distinguish several cases where a bond was imposed because those cases "all relate to a different law firm, the Liebowitz Law Firm," whose principal was "one of the most frequently sanctioned lawyers in this District."  Dkt. 51 at 1 (citation omitted).  But Plaintiff fails to disclose that its counsel, Sanders Law Group, *acquired the Liebowitz Law Firm* ("LLF") and even touted "continuing the copyright journey that LLF started" upon its acquisition.[1]  Thus, Plaintiff's counsel's attempt to distance itself from LLF does not hold water and is, quite frankly, less than forthright.

  *Second*, Plaintiff cites Defendants' request "to speak" on April 30 and to meet "via Zoom" on May 5, and states that there was "simply no repeated effort by Defendants to meet in person per the Court's order" issued on April 15.  Dkt. 51 at 2.  But Plaintiff fails to disclose that (a) Defendants again requested a meeting on May 8, and (b) on all three occasions, Defendants expressly cited the Court's order as the reason for the required meeting.  Thus, Defendants *did in fact* make repeated efforts to meet—virtually and physically—per the Court's order.  Plaintiff ignored each of those entreaties.  The underlying emails make this crystal clear[2]:

---

[1] Edward Rosenthal & Tyler Maulsby, *Liebowitz Law Firm Ends Operations*, N.Y. LEGAL ETHICS REP., https://www.newyorklegalethics.com/liebowitz-law-firm-ends-operations/.

[2] The cited emails (with redactions to settlement terms) are attached hereto as Exhibits 1, 2, and 3.

Page 2

- On April 30, Defendants asked Plaintiff if it is "free to speak some time between 4pm and 6pm today" because "[w]e are required to meet this week to discuss settlement per Judge Subramanian's order."

- On May 5, Defendants asked Plaintiff when it was "available for a zoom settlement conference, as we were supposed to do so per Judge Subramanian's o[rd]er last week as I noted to you on April 30."

- On May 8, Defendants again asked Plaintiff when it was "available to meet pursuant to the Court's order."

Plaintiff did not respond to any of these inquiries, and did not attempt to schedule a meeting until *after* the Court issued its May 15 order to show cause.

*Third*, Plaintiff states that Defendants' calculations of damages are "speculative." Dkt. 51 at 2. In fact, Defendants' calculations are based on Plaintiff's own Court-ordered disclosure and the evidence in this case. Dkt. 48 at 1–2 (collecting evidence). It is Plaintiff's bald assertion of $150,000 in "[w]illful statutory damages" that is unsupported and speculative. *Id.* at 2.

*Finally*, Plaintiff argues that "willfulness and innocence is a question of fact for the jury." Dkt. 51 at 2. While true in many cases, innocence and lack of willfulness can and should be decided as a matter of law where, as here, the defendant reasonably relied on a license backed by representations and warranties. *MyWebGrocer, Inc. v. Adlife Mktg. & Commc'ns Co.*, 2019 WL 13177905, at *8–9 (D. Vt. Aug. 27, 2019). In any event, on this motion for a bond, the Court need not go that far. Instead, the Court merely considers "the legal costs *expected* to be incurred." *Sadowski v. Ziff Davis, LLC*, 2020 WL 3397714, at *2 (S.D.N.Y. June 19, 2020) (emphasis added). Here, Plaintiff is expected to recover between $200 and $750 for innocent infringement—i.e., less than the Offer—so Defendants are expected to recover their costs (including fees).

We thank the Court for its attention to this matter.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*/s/ Jeremy A. Chase*

Jeremy A. Chase